No. 3023.

## C. J. O'HARA *v.* N. SCHWAB et al.

Potthoff & Knight instituted a suit against Hill, the drawer of a note, obtained judgment, issued execution, and on the judgment not being satisfied, sued O'Hara the indorser, who, after judgment against him, paid the amount thereof. The present suit is brought by O'Hara against the sheriff and his sureties to make him and them responsible for not having collected the amount of Potthoff & Knight's judgment against Hill, alleging various acts of omission and commission amounting to malfeasance and nonfeasance in office.

The error in this case lies in the assumption that there was any subrogation in the judgment of Potthoff & Knight against O'Hara, to any right which Potthoff & Knight had against Schwab and his sureties by reason of any neglect, if neglect there was, in executing the *fieri facias* which had been placed in his hands. The sheriff may have been responsible to them, but he was not responsible to O'Hara, who was no party to the suit from which execution issued.

Therefore the conduct of the sheriff in the case of Potthoff & Knight *v.* Hill can not give rise to any action against him and his sureties in the case of Potthoff & Knight against O'Hara.

APPEAL from the Second Judicial District Court, parish of Jefferson. *Pardee, J.* Billings & Hughes, for plaintiff and appellee. *Hawkins & Tharp, Cunningham* and *J. J. Roman,* for defendants and appellants.

MORGAN, J. Potthoff & Knight owned a note for seven hundred and twenty-four dollars, drawn by S. L. Hill to his own order and indorsed by C. J. O'Hara. The note not having been paid at maturity, Potthoff & Knight sued Hill, in February, 1868, and obtained judgment against him. Execution issued thereon, and property, both real and personal, said to belong to Hill, was seized; but the property does not appear to have been sold.

O'Hara, the indorser on the note, was sued in New Orleans on the fourteenth April, 1869. He answered that the sheriff of Jefferson had seized real and personal property belonging to Hill sufficient to satisfy the judgment which had been rendered against him; that thereafter

Hill paid one hundred dollars, and gave his notes payable in installments at from two to eight months for the balance, and that thereupon Hill was granted a delay and stay of proceedings, and accepted the notes as payment and discharge of the original note, which operated his complete and final release and discharge from any liability. Judgment was rendered against him. It was satisfied.

This suit is instituted against Schawb and his sureties on his bond to make him and them responsible for not having collected the amount of Potthoff & Knight's judgment against Hill, alleging various acts of omission and commission by which the sheriff made himself responsible, and as his sureties are bound with him for his malfeasance and nonfeasance in office, he asks a judgment against them for the amount he has been compelled to pay. There was a decree in his favor and the defendants have appealed.

The error lies in the assumption that there was any subrogation in the judgment of Potthoff & Knight against O'Hara, to any right which Potthoff & Knight had against Schwab and his sureties by reason of any neglect of his, if neglect there was, in executing the *fieri facias* which had been placed in his hands. The sheriff may have been responsible to them, but he was not responsible to O'Hara who was no party to the suit from which execution issued. Potthoff & Knight controlled the judgment which they had obtained against Hill as well as the *fieri facias*; they could have let the first lie dormant or have caused the second to be returned, or they could have ignored the principal altogether and sued the indorser primarily, for he was responsible without regard to the maker of the note.

Therefore, the conduct of the sheriff in the case of Potthoff & Knight *v.* Hill, can not give rise to any action against him and his sureties in the case of Potthoff & Knight against O'Hara.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be avoided, annulled and reversed, and that there be judgment in favor of the defendants with costs in both courts.